145 F.3d 1341
 81 A.F.T.R.2d 98-2353, 98-2 USTC P 50,503
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-counter-claimant-Appellee,
v.
Dewey P. DUPLISSEY, Defendant-counter-claimant-Appellant.
Emmett F. MUNLEY, Plaintiff-counterclaim-Defendant-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-countercla im-Plaintiff-Appellee.
 No. 95-15674, 95-15835.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1998.**
June 1, 1998.
 
 Appeal from the United States District Court for the District of Nevada.
 Before: LAY,*** KOZINSKI, and T.G. NELSON, Circuit Judges.
 MEMORANDUM*
 LEAVITT, J., Presiding.
 
 A. Duplissey
 
 1
 Duplissey was the on-site manager in charge of the day-to-day operation of the Mohawk Bingo Palace. He had the authority to hire and fire employees and to sign checks, and was responsible for paying bills as they became due. His deposition testimony suggests that he was aware of the reporting requirement. Thus, the district court did not abuse its discretion in determining that the Government's position in bringing the action was "substantially justified" and, accordingly, it properly denied Duplissey's Motion for Attorney's Fees. 26 U.S.C. § 7430(c)(4)(A)(i) (1988) (disallowing attorney's fees if the Government's position was substantially justified); see Davis v. United States, 961 F.2d 867, 870 (9th Cir.1992) (stating that, to be liable under 26 U .S.C. § 6672, one must be a "responsible person" who acted "willfully"); Huffman v. Commissioner, 978 F.2d 1139 (9th Cir.1992) (reviewing a district court's determination that the Government's position was substantially justified for an abuse of discretion).
 
 B. Munley
 
 2
 Munley had full supervisory control over the Mohawk Bingo Palace operation. He had the power to hire and fire employees, the power to sign checks on the Palace's account, and the decisionmaking authority over which creditors to pay or not to pay. The fact that the Tribe allegedly instructed Munley not to collect the taxes is unhelpful. The Tribe played no role in the day-to-day operation of the business, had no management or accounting responsibilities, and disbursed none of the revenues. Thus, the district court correctly determined that Munley was a "responsible person" under 26 U.S.C. § 6672.
 
 
 3
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3